[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11030

Non-Argument Calendar

_____

HYACINTH RISMAY,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cv-01552-EJK

_____

Before LUCK, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Hyacinth Rismay appeals the district court's order affirming the Social Security Administration's denial of her applications for benefits. She contends that we must reverse and remand for a new hearing before a new administrative law judge (ALJ) because of an Appointments Clause violation. *See* U.S. Const. art. II, § 2, cl. 2 ("[T]he Congress may by Law vest the Appointment of . . . inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments."). Because there is no Appointments Clause violation for us to remedy, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

We begin with the relevant facts. Rismay first applied for disability insurance benefits and supplemental security income in 2014. She alleged that she was unable to work because of problems with her feet, high blood pressure, back and hip pain, and anxiety.

In August 2017, after a hearing where Rismay and vocational expert Charles Heartsill testified, the ALJ issued an unfavorable decision finding that Rismay did not show she was disabled. The ALJ evaluated Rismay's impairments over a nearly five-year period, spanning from January 5, 2013 through the date of his decision. The ALJ first found that Rismay did not have an impairment or combination of impairments that met the severity of an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1. The ALJ

explained that he specifically considered Listing 1.04, which relates to spinal disorders, but Rismay's impairments didn't satisfy that listing's medical criteria.

The ALJ then found that Rismay had the residual functional capacity to perform "light exertional work activities with [certain] additional limitations," such as avoiding contact with the general public and needing the opportunity to change from sitting to standing every thirty minutes. The ALJ explained that Rismay described her symptoms' severity "far in excess" of what the medical evidence showed. The medical evidence included records dating back to 2012 and the opinions of consulting physician Dr. Donald Morford. The ALJ gave Dr. Morford's opinions great weight "to the extent they [we]re consistent with the assessed residual functional capacity," but little weight to the extent they were more restrictive than the residual functional capacity.

Rismay sought review of the ALJ's decision from the administration's Appeals Council, and it denied her request for review. So she appealed the ALJ's decision to the district court, which, in 2019, reversed and remanded. The district court found that the ALJ did not state with particularity the reasons for discounting Dr. Morford's opinion, making it unable to determine if the ALJ's decision was supported by substantial evidence. The district court did not address other merits issues that Rismay raised, explaining that "[t]he ALJ will have to reweigh the evidence upon remand and may reconsider th[ose] issues." On remand from the district court, the

Appeals Council vacated the initial decision and remanded the case back to the same ALJ.

In May 2021, the ALJ held a new hearing on Rismay's claims. Rismay testified again, and she was questioned by both the ALJ and her counsel. A new vocational expert, Stephanie Barnes, also testified.

Two months after the hearing, the ALJ issued another unfavorable decision, finding that Rismay did not show she was disabled. The ALJ evaluated Rismay's impairments over an eight-year period, spanning January 5, 2013 through the date of the decision. The ALJ also reconsidered whether Rismay suffered from an impairment or combination of impairments that met the severity of one listed in part 404, subpart P, appendix 1, but this time he applied Listing 1.15—adopted after the initial decision—which revised the criteria originally listed in Listing 1.04. *See* Revised Medical Criteria for Evaluating Musculoskeletal Disorders, 85 Fed. Reg. 78164 (Dec. 3, 2020). The ALJ ultimately found that Rismay's impairments didn't satisfy Listing 1.15.

The ALJ then found that Rismay has the residual functional capacity to perform light work, but with less restrictive limitations than those included in the initial decision. Specifically, the ALJ found that Rismay was capable of occasional public contact and omitted the limitation that she needed to change from sitting to standing every thirty minutes.

When assessing Rismay's residual functional capacity, the ALJ discussed the medical evidence he considered in the initial

decision. The ALJ also discussed medical evidence that became available after the initial decision, including Rismay's new testimony, as well as physicians' progress notes and records from 2019 through 2021. The evidence again included the opinions of Dr. Morford, and, this time, the ALJ gave the entirety of those opinions little weight. The ALJ explained that Dr. Morford's opinions were only entitled to little weight for multiple reasons he didn't specify in the initial decision: Dr. Morford was "a non-examining physician"; his restrictive limitations were "inconsistent" with evidence that Rismay suffers only "intermittent limping and restricted range of motion" and "physical exam findings [that] note[d] no restriction" at all; Rismay reported working part time in 2019; and a different physician observed "full range of motion in [Rismay's] extremities with 5/5 motor strength" in 2015.

Rismay appealed directly to the district court.[1] She argued, for the first time since the proceedings began, that the ALJ was an inferior officer whose appointment was subject to the Appointments Clause under *Lucia v SEC*, 585 U.S. 237 (2018). She contended that the ALJ here was not constitutionally appointed when he issued the *initial* decision because he was hired through a competitive selection process and was never appointed by an agency head. That fact, in her view, meant the administrative proceedings were tainted by an Appointments Clause violation and the second hearing "did not cure the first hearing's constitutional defect." She

---

[1] Based on the parties' consent, the case was referred to a magistrate judge under 28 U.S.C. section 636(c).

argued that the required relief under *Lucia* was for the district court to remand with instructions that the case be assigned to a different ALJ for a new hearing.  The Commissioner responded there was no Appointments Clause violation to remedy because the ALJ was constitutionally appointed before he issued the second decision.

The district court agreed with the Commissioner and affirmed the ALJ's decision.  It concluded the ALJ's second decision wasn't tainted by any Appointments Clause violation because the ALJ was properly appointed before he issued it.

Rismay then appealed the district court's order.

## DISCUSSION

In her initial brief on appeal, Rismay repeats the argument that she made to the district court:  that the administrative proceedings were tainted by an Appointments Clause violation because the ALJ wasn't properly appointed when he issued the first decision, and the remedy under *Lucia* is to remand the case to a different ALJ. But Rismay briefed this appeal while a related one was pending in *Raper v. Commissioner of Social Security*, 89 F.4th 1261 (11th Cir. 2024).  She twice acknowledged—both in her initial brief and reply brief—that a decision in *Raper* would "determine the outcome of [her] appeal."[2]  We have since issued a decision in *Raper*.  And we

---

[2] Although the Commissioner submitted *Raper* as supplemental authority, Rismay has not filed a response.

agree with Rismay's intuition that it determines the outcome of this appeal, although not in her favor.[3]

*Raper* involved an Appointments Clause challenge that's materially identical to Rismay's. There, a Social Security Administration ALJ, who was not constitutionally appointed, issued an initial decision that was reversed by the district court on the merits. *Id.* at 1266. On remand, the claimant "had a second hearing before the same ALJ"—who, by that time, had been constitutionally appointed. *Id.* The claimant appealed the ALJ's second decision and contended that, under *Lucia*, the administration should have assigned the case to a new ALJ after the first remand. *Id.* at 1269; *see also Lucia*, 585 U.S. at 251–52 (explaining that the remedy for an Appointments Clause violation "is a new 'hearing before a properly appointed' official," who "cannot be [the original ALJ]" (citation omitted)). To that end, the claimant argued "the ALJ's participation in the case [after remand] continued—rather than cured—the Appointments Clause violation," "irrespective of the ALJ's appointment status." *Raper*, 89 F.4th at 1269.

We rejected those arguments. We explained that *Lucia* addressed the remedy for uncorrected Appointments Clause violations, but not whether one exists in the first instance. *Id.* at 1270 ("There was no question [in *Lucia*] about whether there was a live Appointments Clause violation . . . ."). We then held "that there is

---

[3] We review de novo issues of constitutional law. *See Benning v. Comm'r, Ga. Dep't of Corr.*, 71 F.4th 1324, 1328 (11th Cir. 2023).

no Appointments Clause violation when an earlier decision made by an unconstitutionally appointed ALJ is vacated on the merits and remanded to the same ALJ, who is now constitutionally appointed." *Id.* at 1273.

That holding applies with full force here. To be entitled to the *Lucia* remedy she seeks, Rismay must first show an Appointments Clause violation actually tainted the ALJ's decision before us on appeal. *See id.* at 1270–73. She hasn't. The ALJ's first decision was "vacated on the merits." *Id.* at 1273. The district court found that the ALJ did not provide particular reasons for discounting Dr. Morford's opinion and, citing the district court's order, the Appeals Council vacated the initial decision. But before the case was remanded to the same ALJ, he was constitutionally appointed—which Rismay doesn't dispute. *See* SSR 19-1p, 84 Fed. Reg. 9582, 9583 (Mar. 15, 2019) (noting that the Commissioner ratified ALJs' appointments in July 2018).

Under these circumstances, the "merits-based vacatur of the ALJ's 2017 [d]ecision eliminated the taint of the unconstitutional appointment." *Raper*, 89 F.4th at 1272. Just as in *Raper*, "[t]his is so for three reasons." *See id.* First, "[t]he decision before us now is the [2021] decision—not the 2017 decision." *Id.* The Appeals Council's vacatur of the 2017 decision made it void without any legal effect, requiring the ALJ to "essentially start[] fresh" the second time. *Id.* When the ALJ did so, "the entire second administrative adjudication was conducted by a constitutionally appointed ALJ." *Id.*

Second, *Lucia* identified two concerns that favored remanding that case to a new ALJ, neither of which is implicated here. *See Lucia*, 585 U.S. at 251 n.5. The first is that the *Lucia* remedy incentivizes claimants to raise Appointments Clause challenges. *See id.* But "there was no need to incentivize raising one" here because "[t]here was no longer a constitutional violation to remedy" after the district court's remand. *Raper*, 89 F.4th at 1272. The second is that the *Lucia* remedy avoids implying to the original ALJ that he had "no reason to think he did anything wrong on the merits . . . and so [the ALJ] could be expected to reach all the same judgments." *Lucia*, 585 U.S. at 251 n.5 (citation omitted). That risk plainly didn't exist here because the district court reversed the ALJ's first decision on its merits. And the district court expressly cautioned that the ALJ would have to reweigh all of the evidence on remand. Nothing suggests that the ALJ failed to do so, considering how the ALJ held a new hearing, heard new testimony by Rismay, heard new testimony from a new vocational expert, and considered new medical records spanning 2019 through 2021. Moreover, the ALJ applied new law (Listing 1.15) and made entirely new findings based on all the evidence (such as specific reasons for giving all of Dr. Morford's opinions little weight and a less-restrictive residual functional capacity).

And third, "our entire judicial system works on the premise that a judge can set aside his or her earlier decision and look at a case anew." *Raper*, 89 F.4th at 1272–73 & n.9 (noting it's standard practice in this circuit for the same appellate panel or district court

judge to reconsider a case after a reversal).  Rismay has offered no justification for disregarding that premise here.

## CONCLUSION

In short, Rismay is not entitled to another hearing before a new ALJ because there is no Appointments Clause violation to remedy.  Thus, we affirm the district court's order affirming the ALJ's decision.

**AFFIRMED.**